**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **PHOEBE COPAS,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| **v.** | § | |
| | § | **EP-24-CV-00205-DCG** |
| **UBER TECHNOLOGIES, INC.** | § | |
| | § | |
| ***Defendant*.** | § | |

**ORDER**

U.S. Magistrate Judge Miguel Torres has issued a Report and Recommendation ("R. & R.") advising the Court to order Defendant to prove who Plaintiff's representatives or successors are and to properly serve them.[1]

The Court **ACCEPTS** the R. & R. **IN PART** and **MODIFIES** it **IN PART**.

## I. BACKGROUND

Plaintiff Phoebe Copas died on March 25, 2025.[2] Thus, as Federal Rule of Civil Procedure 25(a) contemplates,[3] Defendant Uber Technologies, Inc. served six of Plaintiff's relatives with a statement noting Plaintiff's death.[4] Over 90 days have passed since Defendant

---

[1] *See* R. & R., ECF No. 26, at 8.

[2] Death Certificate, ECF No. 21-1, at 1.

[3] *See* FED. R. CIV. P. 25(a)(3) (providing that "[a] statement noting death must be served" "on nonparties"); FED. R. CIV. P. 25(a)(1) ("If the motion [to substitute] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.").

[4] *See* Def.'s Compliance, ECF No. 20, at 2.

did so,[5] yet no one has filed a procedurally compliant[6] Motion to Substitute themselves as Plaintiff's successor or representative in this case.[7] This case is thus potentially subject to dismissal under Rule 25(a).[8]

The Court referred the case to Judge Torres for an R. & R. analyzing: (1) whether Defendant needed to serve the statement noting death on anyone else and (2) whether Defendant properly served Copas's six relatives.[9] The R. & R. explained that Rule 25(a) requires service on a decedent's estate's personal representative and therefore advised the Court to order Defendant to prove it has done so.[10] Judge Torres also concluded that Defendant's service on Copas's six family members complied with the Federal Rules of Civil Procedure.[11] Judge Torres further recommended dismissing the case if and when Defendant proves that it validly served Plaintiff's

[5] *See id.* (representing that Defendant served the last of Plaintiff's relatives on June 13, 2025).

[6] Plaintiff's parents filed two procedurally *non*-compliant Motions to Substitute, which the Court denied without prejudice for failure to satisfy the applicable legal prerequisites for substitution. *See generally* Order Construing Filing Mot. Substitute & Denying Mot. Substitute Without Prejudice, ECF No. 23; Order Denying Mot. Without Prejudice, ECF No. 24. Plaintiff's parents did not thereafter file a procedurally compliant Motion to Substitute.

[7] *See* FED. R. CIV. P. 25(a)(1) ("If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative.").

[8] *See id.* ("If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.").

[9] Referral Order, ECF No. 25, at 2.

[10] R. & R. at 5-8.

[11] *Id.* at 7-8.

personal representative.[12] Finally, the R. & R. found that Plaintiff's death did not extinguish her claims,[13] an issue the Court previously left open.[14]

Judge Torres issued the R. & R. on July 30, 2026.[15] The parties[16] thus had until August 13, 2026 to object to the R. & R.[17] The Defendant did not object to the R. & R. by the deadline.

## II. DISCUSSION

### A. Standard of Review

When a Magistrate Judge submits an R. & R. for the Court's consideration, the District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge."[18] Where—as here—no party has objected to the R. & R. by the

[12] *Id.* at 8.

[13] R. & R. at 4-5.

[14] Order Denying Mot. Substitute Without Prejudice, ECF No. 23, at 8.

[15] *See* R. & R. at 8.

[16] Objections to an R. & R. can be made by "any *party*." 28 U.S.C. § 636(b)(1) (emphasis added). Until the court orders substitution of the proper party after a party dies, nobody else has taken the decedent's place as a "party." *See* FED. R. CIV. P. 25(a)(1). Copas has not yet been replaced as a party; that is the very issue before the Court. Accordingly, the only party who could object to the R. & R. at this stage is Defendant. That's not unfair because the R. & R. accrues to the potential substituted party's benefit by discerning their identity. In any event, there is no way to determine who is entitled to notice of the R. & R. without first adopting the R. & R.'s recommendation to find out who the personal representative is. *See also High Farms, LLC v. King*, No. 16-CV-736 (NGG) (PK), 2021 WL 1137995, at *1 & n.3 (E.D.N.Y. Mar. 25, 2021) (nonparty who sought to intervene but had not yet been added as a party could not object to R. & R. regarding summary judgment).

[17] *See* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to [an R. & R.] . . .").

[18] *Id.*

applicable deadline,[19] the Court's review is limited to assessing whether the R. & R. is clearly erroneous or contrary to law.[20]

**B. The Court Accepts the R. & R.**

The Court has reviewed the R. & R. and finds no clear error. The R. & R. correctly describes Fifth Circuit precedent requiring service on the personal representative under Rule 25 after a suggestion of a party's death.[21] The opposing party must serve the decedent's personal representative or successor according to Rule 4.[22] Texas law may require Defendant to serve Plaintiff's "heirs" as well,[23] so it is not clear error to require the Defendant to serve heirs too.[24]

However, if Defendant's investigation reveals that no probate proceeding has been initiated or there is no personal representative (or equivalent), further briefing would be necessary. In particular, the Court may need to determine whether Copas's relatives have "relinquish[ed] their right" to represent the estate in pursuing its legal claims by failing to initiate

---

[19] *See supra* notes 16-17 and accompanying text.

[20] *See, e.g.*, *Magdalena Garcia v. Sessions*, No. 1:18-CV-59, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018) ("Where no party objects to the Magistrate Judge's Report and Recommendation, the Court is not required to perform a *de novo* review of the Magistrate Judge's determination, but need only review it to decide whether the Report and Recommendation is clearly erroneous or contrary to law.").

[21] R. & R. at 5-7 (discussing *Sampson v. ASC Indus.*, 780 F.3d 679, 681-83 (5th Cir. 2015)).

[22] *Id.* at 5-6.

[23] *Id.* at 5, 8 (citing TEX. CIV. PRAC. & REM. CODE § 71.021(a)-(b)). *But see id.* at 6 (noting that service on relatives who do not represent the estate may not be required and citing *Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 872, 876 (11th Cir. 2022)).

[24] *See* R. & R. at 8.

probate.[25] The Court therefore modifies the R. & R. in part to require Defendant to brief that issue should it become necessary.

Finally, the Court discerns no clear error in the R. & R.'s finding that Defendant properly served Copas's six relatives named in the R. & R.[26] nor in its conclusion that Plaintiff's death didn't extinguish her claim.[27]

## III. CONCLUSION

The Court therefore **ACCEPTS** Judge Torres's "Report and Recommendation" (ECF No. 26) **IN PART** and **MODIFIES** it **IN PART**.

The Court **ORDERS** that, on or before September 23, 2026:

(1) The Defendant shall investigate whether there are any heirs besides the six relatives that Defendant already served and whether there is a personal representative (or equivalent successor) for Plaintiff Phoebe Copas. That investigation will likely require Defendant to examine probate proceedings.

(2) If there are additional heirs and/or a personal representative (or equivalent), the Defendant shall serve them per Federal Rule of Civil Procedure 4.

(3) If no personal representative (or equivalent) exists, the Defendant shall include, in its Response, briefing that addresses the relinquishment issue described *supra* in note 25 and accompanying text.

---

[25] *See Silas*, 55 F.4th at 876-77. Should briefing be necessary, Defendant may wish to consider whether state or federal law governs this issue. *See* Order Denying Mot. Substitute Without Prejudice, ECF No. 23, at 8 n.37. The Court also reminds Defendant that, because no party has yet been substituted for Copas, any briefing would effectively be ex parte, and thus Defendant has a heightened duty to disclose adverse authority. *See* Tex. Disciplinary R. Prof'l Conduct 3.03(a).

[26] *See* R. & R. at 7-8.

[27] *See id.* at 4-5.

(4) The Defendant shall file a Response which: (a) describes the foregoing investigation's findings, (b) includes relevant exhibits (e.g., evidence of probate proceedings or the personal representative's identity), (c) indicates whether Defendant served additional heirs and/or a personal representative and includes proof thereof, and (d) briefs the relinquishment issue referenced above, if no personal representative exists.

After receiving Defendant's Response, the Court will consider whether to dismiss the case per the R. & R.'s recommendation.

The Clerk of Court **SHALL MAIL** this Order to the following addresses:

Lester Lee Johnson & Anna Ruth Johnson
102 South Jackson St. 636
Tompkinsville, KY 42167

Jesse Byron Graves
1620 Branch St.
Tallahassee, FL 32303

Chad L. Johnson
1528 Virginia Dr.
Bowling Green, KY 42101

Tiarra Hawkins
204 Emile Lane
Tompkinsville, KY 42167

Tyron Graves
44 Peach Tree Place NW
Unit 1925
Atlanta, GA 30309

**So ORDERED and SIGNED this 24th day of August 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**